**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| **JAMES D'CRUZ,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   FILED: September 8, 2010<br>) |
| **THE BUREAU OF ALCOHOL,<br>TOBACCO, FIREARMS, AND<br>EXPLOSIVES; KENNETH E. MELSON,**<br>in his official capacity as Acting Director<br>of the Bureau of Alcohol, Tobacco,<br>Firearms, and Explosives; **ERIC<br>HOLDER,** in his official capacity as<br>Attorney General of the United States, | )<br>)   Civil Case No. 10-140<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

**COMES NOW** the Plaintiff, James D'Cruz, by and through his undersigned counsel, and complains of the Defendants as follows:

### INTRODUCTION

1. This is an action to vindicate Plaintiff's fundamental right to keep and bear arms.

2. The Second Amendment "guarantee[s] the individual right to possess and carry" handguns, and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 128 S. Ct. 2783, 2797, 2821 (2008).

3. The United States, however, prohibits a certain class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—namely, adults who have reached

the age of eighteen but are not yet twenty-one.  The federal government bans such persons from purchasing handguns from federally licensed firearms dealers.

4.   At eighteen years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights.  Indeed, at eighteen, citizens are eligible to serve in the military—to fight and die by arms for the country.  Indeed, male citizens in this age-group are designated members of the militia by federal statute, 10 U.S.C. § 311(a), and may be conscripted to bear arms on behalf of their country, 50 U.S.C. §§ 453(a), 454(a).  Yet, Section 922(b)(1) of the federal criminal code prohibits law-abiding adults in this age group from lawfully purchasing—from the most prevalent and readily available source—what the Supreme Court has called "the quintessential self-defense weapon" and "the most popular weapon chosen by Americans for self-defense in the home."  *Heller*, 128 S. Ct. at 2818.

5.   This blanket ban violates the fundamental rights of millions of responsible, law-abiding American citizens and is thus invalid under the Second and Fifth Amendments.

## PARTIES

6.   James D'Cruz is a resident of Lubbock, Texas, and is a citizen of the United States.

7.   The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE"), is an arm of the Department of Justice responsible for the investigation and prevention of federal offenses involving the use, manufacture, and possession of firearms.  The BATFE also regulates, via licensing, the sale, possession, and transportation of firearms and ammunition in interstate commerce.  The BATFE is authorized to implement the federal law challenged in this case.

8.   Defendant Kenneth Melson is the Acting Director of the BATFE.

9. Defendant Attorney General Eric Holder heads the United States Department of Justice, which is the agency of the United States government responsible for enforcement of federal criminal laws.  He has ultimate authority for supervising all of the operations and functions of the Department of Justice.

10. Defendants BATFE, Melson, and Holder are hereinafter referred to as the "federal Defendants."

## JURISDICTION AND VENUE

11. This action seeks relief pursuant to 28 U.S.C §§ 2201 and 2202, 28 U.S.C. § 2412. Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States.

12. The federal defendants, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives, are amenable to suit for relief other than money damages pursuant to 5 U.S.C. § 702.

13. The Court has authority to award costs and attorneys' fees under 28 U.S.C. § 2412.

14. Venue is proper in this district under 28 U.S.C. § 1391(e).

## THE LAWS AT ISSUE

15. The Gun Control Act of 1968 states that it was passed for the "purpose of … provid[ing] support to Federal, State, and local law enforcement officials in their fight against crime and violence" and "not [for] the purpose of … plac[ing] any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity."  Pub. L. No. 90-618, § 101, 82 Stat. 1213, 1213-14 (1968).  Indeed, Congress declared that that Gun Control Act was not meant "to discourage or

eliminate the private ownership or use of firearms by law-abiding citizens for lawful purposes." *Id.*

16. The Gun Control Act, however, does significantly discourage and eliminate the private ownership of firearms for lawful purposes by certain law-abiding citizens.  Title 18, Section 922(b)(1) of the United States Code provides: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver … any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age."  And 18 U.S.C. § 922(c) states that "a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises … only if" the person signs a sworn statement attesting "that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age."

17. Likewise, a Department of Justice regulation, 27 C.F.R. § 478.99(b)(1), provides: "A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver (1) any firearm or ammunition…, if the firearm, or ammunition, is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 21 years of age."  Other regulations require that licensees obtain a signed copy of Form 4473 before transferring a handgun to a purchaser.  *See* 27 C.F.R. §§ 478.124(a), 478.96(b).  Form 4473 states that the information provided therein "will be used to determine whether [the transferee is] prohibited

18. Title 18, Section 922(a)(1)(A) requires any person who "engage[s] in the business of importing, manufacturing, or dealing in firearms" to obtain a federal firearms license ("FFL"). A firearms "dealer," in turn, is any person who, inter alia, "engage[s] in the business of selling firearms at wholesale or retail," including pawnbrokers. 18 U.S.C. § 921(a)(11)(A), (C). A person "engage[s] in the business" of selling firearms—and thus must obtain an FFL—if he "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms." *Id.* § 921(a)(21)(C).

19. Under 18 U.S.C. § 922(a)(5), it is illegal "for any person [other than a licensed dealer] to transfer, sell, trade, give, transport, or deliver any firearm to any person … who the transferor knows or has reasonable cause to believe does not reside in … the State in which the transferor resides."

20. The combined effect of these provisions is a significant, unequal, and impermissible burden on the right to keep and bear arms of a class of millions of law-abiding 18-to-20 year-old adult citizens. Section 922(b)(1) flatly bans the sale of handguns and handgun ammunition, by any person who engages in the regular business of selling guns, to anyone eighteen to twenty years of age. These law-abiding adults are thus relegated to the irregular secondary market for face-to-face intrastate sales of used handguns. And because Section 922(a)(5) bars interstate face-to-face sales, these law-abiding adults cannot even access larger used-gun markets that the Internet and other mediums might otherwise provide.

## **THE IMPACT OF THE BAN ON THE PLAINTIFF**

21. Plaintiff James D'Cruz is an 18-year-old resident of Lubbock, Texas.

22. Mr. D'Cruz is a law-abiding, responsible citizen, and the lawful owner of a rifle and a handgun.

23. Mr. D'Cruz desires to purchase a handgun and handgun ammunition from a federally-licensed dealer for self-defense and other lawful purposes.

24. On September 3, 2010, Mr. D'Cruz visited Sharp Shooters, Inc., a federally licensed firearms dealer in Lubbock. Mr. D'Cruz inquired as to whether he was permitted under federal law to purchase a handgun. A Sharp Shooters employee informed Mr. D'Cruz that federal law prohibited the dealer from selling him a handgun.

25. Mr. D'Cruz is well-trained in the proper handling and use of firearms, including handguns. His initial training and instruction began with his grandfather, a World War II veteran who thought it important for his grandchildren to understand the proper and safe techniques for use and storage of firearms. Mr. D'Cruz's training continued under his father's instruction and as a member of the Navy Junior Reserve Officer's Training Corps from August 2006 to May 2010. As a JROTC cadet, Mr. D'Cruz was regularly instructed in basic rifle skills, rifle safety, and rifle marksmanship. Mr. D'Cruz achieved the rank of Lieutenant Junior Grade and served as a supply officer personally responsibility for the inventory of the unit's firearms. During his junior and senior years of high school, Mr. D'Cruz was a member of the JROTC's marksmanship team, and a as member of that team he has competed in regional and national marksmanship competitions. Mr. D'Cruz received numerous awards at these competitions, including a first place medal in a regional competition. Mr. D'Cruz also received a Foreign Legion unit award for marksmanship.

## COUNT I

### (SECOND AMENDMENT)

26. The preceding paragraphs are incorporated herein.

27. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and Title 27, Sections 478.99(b)(1), 478.124(a), 478.96(b) of the Code of Federal Regulations ban federally licensed firearms dealers from selling handguns to law-abiding adults aged eighteen to twenty.

28. These laws infringe upon, and impose an impermissible burden upon, the Plaintiff's right to keep and bear arms under the Second Amendment.

## COUNT II

### (DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT)

29. The preceding paragraphs are incorporated herein.

30. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and Title 27, Sections 478.99(b)(1), 478.124(a), 478.96(b) of the Code of Federal Regulations ban federally licensed firearms dealers from selling handguns to law-abiding adults aged eighteen to twenty, but do not ban the sale of the same handguns to law-abiding adults over the age of twenty.

31. These laws violate the Plaintiff's right to equal protection of the laws guaranteed under the Due Process Clause of the Fifth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

32. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), violate the right to keep and bear arms as secured by the Second Amendment to the United States Constitution.

33. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), violate the Due Process Clause of the Fifth Amendment to the United States Constitution by denying equal protection of the laws to law-abiding, qualified adults between eighteen and twenty years of age.

34. Permanently enjoin the federal Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), and provide such further declaratory relief as is consistent with the injunction.

35. Award costs and attorneys fees and expenses to the extent permitted under 28 U.S.C. § 2412.

36. Grant such other and further relief as the Court deems just and proper.

Dated: September 8, 2010                                     Respectfully submitted,

s/ Charles J. Cooper                                    s/ Fernando M. Bustos
Charles J. Cooper*                                      Fernando M. Bustos
David H. Thompson*                                      State Bar No. 24001819
Jesse Panuccio*                                         LAW OFFICES OF FERNANDO M. BUSTOS, P.C.
COOPER & KIRK, PLLC                                     P.O. Box 1980
1523 New Hampshire Ave., NW                             Lubbock, TX 79408-1980
Washington, D.C. 20036                                  Tel: (806) 780-3976
Tel: (202) 220-9600                                     Fax: (806) 780-3800
Fax: (202) 220-9601                                     Email: fbustos@bustoslawfirm.com
Email: ccooper@cooperkirk.com

*Motion for admission *pro hac vice*                    *Local Counsel for Plaintiff*
forthcoming.

*Counsel for Plaintiff*