**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

|  |  |  |
|---|---|---|
| **REBEKAH JENNINGS; BRENNAN HARMON; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) ) | **Case No. 5:10-cv-00140-C** **Judge Sam R. Cummings** |
| **THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; KENNETH E. MELSON, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; ERIC HOLDER, in his official capacity as Attorney General of the United States,** | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**SECOND AMENDED COMPLAINT**
**FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**COME NOW** the Plaintiffs Rebekah Jennings, Brennan Harmon, Andrew Payne, and the

National Rifle Association of America, Inc., by and through their undersigned counsel, and

complain of the Defendants as follows:

**INTRODUCTION**

1.  This is an action to vindicate the fundamental right to keep and bear arms, which is

fully applicable to all law-abiding adults and includes the right to acquire such arms.

2.  The Second Amendment "guarantee[s] the individual right to possess and carry"

handguns, and "elevates above all other interests the right of law-abiding, responsible citizens to

1

use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

3.   The United States, however, prohibits a certain class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—namely, adults who have reached the age of eighteen but are not yet twenty-one.  The federal government bans such persons from purchasing handguns from federally licensed firearms dealers.

4.   At eighteen years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights.  At eighteen, citizens are eligible to serve in the military—to fight and die by arms for the country.  Indeed, male citizens in this age-group are designated members of the militia by federal statute, 10 U.S.C. § 311(a), and may be conscripted to bear arms on behalf of their country, 50 U.S.C. §§ 453(a), 454(a).  Yet, Section 922(b)(1) of the federal criminal code prohibits law-abiding adults in this age group from lawfully purchasing—from the most prevalent and readily available source—what the Supreme Court has called "the quintessential self-defense weapon" and "the most popular weapon chosen by Americans for self-defense in the home." *Heller*, 554 U.S. at 629.

5.   This blanket ban violates the fundamental rights of millions of responsible, law-abiding American citizens and is thus invalid under the Second and Fifth Amendments.

## PARTIES

6.   Rebekah Harmon is a resident of Boerne, Texas, and is a citizen of the United States.

7.   Brennan Harmon is a resident of San Antonio, Texas, and is a citizen of the United States.

8.   Andrew Payne is a resident of Lubbock, Texas, and is a citizen of the United States.

9.   The National Rifle Association of America, Inc. (hereinafter, "NRA") is a nonprofit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia.  NRA has a membership of approximately four million persons, some of whom reside in Lubbock, Texas and other portions of western Texas.

10. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE"), is an arm of the Department of Justice responsible for the investigation and prevention of federal offenses involving the use, manufacture, and possession of firearms.  The BATFE also regulates, via licensing, the sale, possession, and transportation of firearms and ammunition in interstate commerce.  The BATFE is authorized to implement the federal law challenged in this case.

11. Defendant Kenneth Melson is the Acting Director of the BATFE.

12. Defendant Attorney General Eric Holder heads the United States Department of Justice, which is the agency of the United States government responsible for enforcement of federal criminal laws.  He has ultimate authority for supervising all of the operations and functions of the Department of Justice.

13. Defendants BATFE, Melson, and Holder are hereinafter referred to as the "federal Defendants."

## JURISDICTION AND VENUE

14. This action seeks relief pursuant to 28 U.S.C §§ 2201 and 2202, 28 U.S.C. § 2412. Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States.

15. The federal defendants, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives, are amenable to suit for relief other than money damages pursuant to 5 U.S.C. § 702.

16. The Court has authority to award costs and attorneys' fees under 28 U.S.C. § 2412.

17. Venue is proper in this district under 28 U.S.C. § 1391(e).

## THE LAWS AT ISSUE

18. The Gun Control Act of 1968 states that it was passed for the "purpose of … provid[ing] support to Federal, State, and local law enforcement officials in their fight against crime and violence" and "not [for] the purpose of … plac[ing] any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity."  Pub. L. No. 90-618, § 101, 82 Stat. 1213, 1213-14 (1968).  Indeed, Congress declared that that Gun Control Act was not meant "to discourage or eliminate the private ownership or use of firearms by law-abiding citizens for lawful purposes." *Id.*

19. The Gun Control Act, however, does significantly discourage and eliminate the private acquisition and ownership of firearms for lawful purposes by certain law-abiding citizens.  Title 18, Section 922(b)(1) of the United States Code provides: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver … any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age."  And 18 U.S.C. § 922(c) states that "a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises … only if" the person signs a sworn statement attesting "that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age."

4

20. Likewise, a Department of Justice regulation, 27 C.F.R. § 478.99(b)(1), provides: "A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver (1) any firearm or ammunition…, if the firearm, or ammunition, is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 21 years of age."  Other regulations require that licensees obtain a signed copy of Form 4473 before transferring a handgun to a purchaser.  *See* 27 C.F.R. §§ 478.124(a), 478.96(b).  Form 4473 states that the information provided therein "will be used to determine whether [the transferee is] prohibited under law from receiving a firearm" and instructs licensees that it is "unlawful for a licensee to sell any firearm other than a shotgun or rifle to any person under the age of 21."

21. Title 18, Section 922(a)(1)(A) requires any person who "engage[s] in the business of importing, manufacturing, or dealing in firearms" to obtain a federal firearms license ("FFL").  A firearms "dealer," in turn, is any person who, inter alia, "engage[s] in the business of selling firearms at wholesale or retail," including pawnbrokers.  18 U.S.C. § 921(a)(11)(A), (C).  A person "engage[s] in the business" of selling firearms—and thus must obtain an FFL—if he "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms."  *Id.* § 921(a)(21)(C).

22. Under 18 U.S.C. § 922(a)(5), it is illegal "for any person [other than a licensed dealer] to transfer, sell, trade, give, transport, or deliver any firearm to any person … who the transferor knows or has reasonable cause to believe does not reside in … the State in which the transferor resides."

23. The combined effect of these provisions is a significant, unequal, and impermissible burden on the right to keep and bear arms of a class of millions of law-abiding 18-to-20 year-old adult citizens. Section 922(b)(1) flatly bans the sale of handguns and handgun ammunition, by any person who engages in the regular business of selling guns, to anyone eighteen to twenty years of age. These law-abiding adults are thus relegated to the irregular secondary market for face-to-face intrastate sales of used handguns. And because Section 922(a)(5) bars interstate face-to-face sales, these law-abiding adults cannot even access larger used-gun markets that the Internet and other mediums might otherwise provide.

24. The Second Amendment secures the right to purchase handguns and handgun ammunition for self-defense and other lawful purposes. And the Second Amendment's protections extend in full to law-abiding adults aged eighteen or older.

### THE IMPACT OF THE BAN ON THE PLAINTIFFS

25. Plaintiff Rebekah Jennings is a 19-year-old resident of Boerne, Texas.

26. At the age of 13, Ms. Jennings began competing in pistol shooting tournaments. She has been a member of the U.S. Olympic Development Team for pistol shooting and a member of the Texas State Rifle Association ("TSRA") Junior National Team. Every year since 2005, Ms. Jennings has attended the NRA National Shooting Championship as a member of the TSRA Junior National Team. Either she, or the relay team of which she is a part, has broken seven national shooting records.

27. Ms. Jennings has spent thousands of hours learning and practicing the safe and effective use of handguns.

28. Ms. Jennings is a law-abiding, responsible citizen. She does not own any firearms. Instead, she uses her father's pistols to practice shooting.

29. If it were legal, Ms. Jennings would purchase a handgun and handgun ammunition from a federally licensed firearms dealer. She desires to purchase a handgun because she wants to use it for both competitive shooting and for purposes of self-defense. She has not purchased a handgun to date because federal law prohibits an FFL from selling a handgun to her on account of her age.

30. Plaintiff Brennan Harmon is a 19-year-old resident of San Antonio, Texas.

31. Through her father's instruction, and through personal study, Ms. Harmon is well acquainted with the proper and safe handling, use, and storage of firearms and ammunition.

32. Ms. Harmon is a law-abiding, responsible citizen, and the owner of a rifle and a shotgun. She does not own a handgun.

33. Ms. Harmon desires to own a handgun and handgun ammunition for self-defense and other lawful purposes. If federal law did not preclude her from doing so, Ms. Harmon would purchase a new handgun and handgun ammunition from a federally licensed firearms dealer.

34. Plaintiff Andrew Payne is an 18-year-old resident of Lubbock, Texas.

35. Mr. Payne is a law-abiding, responsible citizen, and the owner of several long guns.

36. Mr. Payne does not own a handgun or handgun ammunition, but he desires to purchase these items from a federally-licensed dealer for self-defense and other lawful purposes. He is unable to do so solely because of the federal ban on such purchases by adults between the ages of eighteen and twenty. But for the federal statute banning his purchase of a handgun and handgun ammunition from a federally licensed dealer, he would purchase a handgun and handgun ammunition from a federally licensed dealer.

37. Mr. Payne is knowledgeable about, and well trained in, the safe and effective use of firearms.

38. Founded in 1871, the NRA is America's foremost and oldest defender of Second

Amendment rights.  Among other things, the NRA promotes the safe and responsible purchase,

possession, and use of firearms by law-abiding adults for lawful purposes, such as self-defense,

target practice, marksmanship competition, and hunting.  The NRA is America's leading

provider of firearms marksmanship and safety training for both civilians and law enforcement.

The NRA also collects and publishes real-life examples of citizens of all ages and from all walks

of life whose lawful possession of firearms enabled them to protect themselves and others from

violent criminals.

39. The NRA has approximately four million members, including residents of Lubbock

and western Texas, and its programs reach millions more.

40. The NRA's members include law-abiding adults between the ages of eighteen and

twenty who desire to purchase handguns and handgun ammunition for self-defense and other

lawful purposes.  But for the federal statute banning purchase of a handgun from a federally

licensed dealer, NRA members aged 18 to 20 would purchase handguns from federally licensed

dealers.  The federal ban on handgun and handgun ammunition sales to adults within this age

bracket therefore infringes on the Second Amendment rights of these NRA members, who are

banned from having any access to the market for new handguns and handgun ammunition in the

retail market, and who are relegated to the very limited and inadequate market for used

handguns.  The NRA brings this action on behalf of these members.

41. The NRA's members also include federally licensed firearms dealers.  The federal

ban on handgun sales to law-abiding adults between eighteen and twenty years of age restricts

the handgun-buyers market available to these dealers and therefore causes economic injury.  The

NRA brings this action on behalf of these dealers, who—as vendors of arms and ammunition

8

necessary to the exercise of the right to keep and bear arms—seek to vindicate the Second Amendment rights of their customers.

## COUNT I

### (SECOND AMENDMENT)

42. The preceding paragraphs are incorporated herein.

43. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and Title 27, Sections 478.99(b)(1), 478.124(a), 478.96(b) of the Code of Federal Regulations ban federally licensed firearms dealers from selling handguns and handgun ammunition to law-abiding adults aged eighteen to twenty.

44. These laws infringe upon, and impose an impermissible burden upon, Ms. Jennings', Ms. Harmon's, Mr. Payne's, and NRA members' right to keep and bear arms under the Second Amendment.

## COUNT II

### (DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT)

45. The preceding paragraphs are incorporated herein.

46. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and Title 27, Sections 478.99(b)(1), 478.124(a), 478.96(b) of the Code of Federal Regulations ban federally licensed firearms dealers from selling handguns and handgun ammunition to law-abiding adults aged eighteen to twenty, but do not ban the sale of the same handguns and handgun ammunition to law-abiding adults over the age of twenty.

47. These laws violate Ms. Jennings', Ms. Harmon's, Mr. Payne's, and NRA members' right to equal protection of the laws guaranteed under the Due Process Clause of the Fifth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

48. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), violate the right to keep and bear arms as secured by the Second Amendment to the United States Constitution.

49. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), violate the Due Process Clause of the Fifth Amendment to the United States Constitution by denying equal protection of the laws to law-abiding, qualified adults between eighteen and twenty years of age.

50. Permanently enjoin the federal Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), 478.96(b), and provide such further declaratory relief as is consistent with the injunction.

51. Award costs and attorneys fees and expenses to the extent permitted under 28 U.S.C. § 2412.

52. Grant such other and further relief as the Court deems just and proper.


Dated: January 28, 2011                                    Respectfully submitted,


s/ Fernando M. Bustos                          s/ Charles J. Cooper
Fernando M. Bustos                             Charles J. Cooper*
State Bar No. 24001819                         David H. Thompson*
LAW OFFICES OF FERNANDO M. BUSTOS,             Jesse Panuccio*
P.C.                                           Pete Patterson*
P.O. BOX 1980                                  COOPER & KIRK, PLLC
Lubbock, TX 79408-1980                         1523 New Hampshire Ave., NW
Tel: (806) 780-3976                            Washington, D.C.  20036

Fax: (806) 780-3800
Email: fbustos@bustoslawfirm.com

*Local Counsel for Plaintiffs*

Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

\*Admitted *pro hac vice*.

*Counsel for Plaintiffs*