# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | |
|---|---|
| JAMES D'CRUZ; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; KENNETH E. MELSON, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; ERIC HOLDER, in his official capacity as Attorney General of the United States, <br><br> Defendants. | Case No. 5:10-cv-00140-C <br> Judge Sam R. Cummings |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs hereby oppose Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, and pursuant to Fed. R. Civ. P. 56 hereby move this Court to enter summary judgment for Plaintiffs.

In accordance with Local Civil Rule 56.5 and this Court's Order of January 27, 2011, Doc. No. 30, this Opposition and Cross-Motion is accompanied by a single brief that sets forth the argument and authorities on which Plaintiffs rely in opposition to Defendants' motion and in support of their motion .

Plaintiffs respectfully request oral argument of their motion for summary judgment. This case raises important issues under the Second Amendment, and oral argument would assist the court in adjudicating the issues raised in the briefing.

**SUMMARY**

1. Plaintiffs move this Court for summary judgment on their claims that 18 U.S.C. §§ 922(b)(1) & (c), and any derivative regulations, violate the Second Amendment and the Due Process Clause of the Fifth Amendment to the United States Constitution. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. That standard is met here.

As we explain in our brief, by prohibiting federally licensed firearms dealers from selling handguns to 18-to-20 year olds, these laws infringe upon 18-to-20 year olds' Second Amendment rights under the framework established by *District of Columbia v. Heller*, 554 U.S. 570 (2008). And by creating without sufficient justification a classification that burdens 18-to-20 year olds' fundamental right to keep and bear arms, these laws violate the equal protection component of the Fifth Amendment's Due Process Clause.

2. Because Plaintiffs' claims are meritorious, and because, as set forth in the accompanying brief, Plaintiffs have standing to maintain this action, Defendants' Motion to Dismiss, or, In the Alternative, For Summary Judgment, must be denied.

Dated January 28, 2011                                   Respectfully submitted,

                                                         s/ Charles J. Cooper
Fernando M. Bustos                                       Charles J. Cooper*
State Bar No. 24001819                                   David H. Thompson*

2

| | |
|---|---|
| LAW OFFICES OF FERNANDO M. BUSTOS, P.C.<br>P.O. Box 1980<br>Lubbock, TX 79408-1980<br>Tel: (806) 780-3976<br>Fax: (806) 780-3800<br>Email: fbustos@bustoslawfirm.com | Jesse Panuccio*<br>Pete Patterson*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., NW<br>Washington, D.C.  20036<br>Tel: (202) 220-9600<br>Fax: (202) 220-9601<br>Email: ccooper@cooperkirk.com<br>*Admitted *pro hac vice*.<br><br>*Counsel for Plaintiffs* |

*Certificate of Service*

On January 28, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

                                              s/Charles J. Cooper
                                              Charles J. Cooper