IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| REBEKAH JENNINGS; BRENNAN | ) | |
| HARMON; ANDREW PAYNE; | ) | |
| NATIONAL RIFLE ASSOCIATION OF | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 5:10-cv-00140-C |
| v. | ) | Judge Sam R. Cummings |
| | ) | |
| THE BUREAU OF ALCOHOL, | ) | |
| TOBACCO, FIREARMS, AND | ) | |
| EXPLOSIVES; KENNETH E. MELSON, | ) | |
| in his official capacity as Acting Director | ) | |
| of the Bureau of Alcohol, Tobacco, | ) | |
| Firearms, and Explosives; ERIC | ) | |
| HOLDER, in his official capacity as | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

COME NOW Plaintiffs Rebekah Jennings, Brennan Harmon, Andrew Payne, and the

National Rifle Association of America, Inc., by and through their undersigned counsel, and

advise the Court of persuasive supplemental authority supporting Plaintiffs' Opposition to

Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Plaintiffs'

Cross-Motion for Summary Judgment (Pl. Mot.) (Doc. No. 33).

In *Ezell v. City of Chicago*, No. 10-3525, 2011 WL 2623511 (7th Cir. July 6, 2011), the

Seventh Circuit directed the district court to enter a preliminary injunction prohibiting the City of

Chicago from enforcing its ban on firearms ranges. The Court held that:

- "*Heller* and *McDonald* suggest that broadly prohibitory laws restricting the core Second Amendment right … are categorically unconstitutional." *Ezell*, *supra*, at *13.  *See* Brief In Support of Pl. Mot. (Pl. Br.) 23-24 (Doc. No. 34) (arguing that this case does not require a levels-of-scrutiny analysis).

- Laws that otherwise place "a severe burden on the core Second Amendment right of armed self-defense" are subject to a standard of review akin to strict scrutiny that "require[s] an extremely strong public-interest justification and a close fit between the government's means and its end." *Ezell*, *supra*, at *17.  This "close fit" may be established by "actual, reliable evidence," not "speculation." *Id.* at *18.  *See* Pl. Br. 55-71 (arguing that strict scrutiny applies if the Court conducts a levels-of-scrutiny analysis and that the government cannot satisfy any standard of heightened scrutiny).

- Case law applying intermediate scrutiny was inapposite because it did not involve "a law-abiding, responsible citizen" or "the central self-defense component of the right" to arms. *Ezell*, *supra*, at *17.  *See* Pl. Br. 60 (making similar distinctions).

- "The right to possess firearms for protection implies" the existence of corresponding rights without which "the core right wouldn't mean much," such as the right to "acquire and maintain proficiency in their use." *Ezell*, *supra*, at *14.  *See* Pl. Br. 39-47 (arguing that the Second Amendment preserves the right to acquire the arms essential for exercising the right to armed self-defense).

A copy of *Ezell* is attached for the Court's convenience.


Dated: July 18, 2011                              Respectfully submitted,

Fernando M. Bustos
State Bar No. 24001819
LAW OFFICES OF FERNANDO M. BUSTOS,
P.C.
P.O. Box 1980
Lubbock, TX 79408-1980
Tel: (806) 780-3976
Fax: (806) 780-3800
Email: fbustos@bustoslawfirm.com

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C.  20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA 70471
Tel:  (985) 626-5052
Email:  bkoukoutchos@gmail.com

*Admitted *pro hac vice*.

*Local Counsel for Plaintiffs*

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

On July 18, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).


s/ Charles J. Cooper
Charles J. Cooper