# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **REBEKAH JENNINGS, BRENNAN HARMON, ANDREW PAYNE, and NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; KENNETH E. MELSON, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and ERIC H. HOLDER, Jr., in his official capacity as Attorney General of the United States,**<br><br>**Defendants.** | **Case No. 5:10-cv-00140-C** |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants submit their response to Plaintiffs' Notice of Supplemental Authority.

1. Ezell v. City of Chicago, No. 10-3525, 2011 WL 2623511 (7th Cir. July 6, 2011), states: "Heller and McDonald suggest that broadly prohibitory laws restricting the core Second Amendment right – *like the handgun bans at issue in those cases, which prohibited handgun possession even in the home* – are categorically unconstitutional." Id. at *13 (emphasis added). The law at issue here is neither a ban nor a prohibition on possession. See Def. MSJ Reply Br. [Doc. No. 47] at 21-23.

2. The Ezell majority "adopts a standard of review on the range ban that is more stringent

than is justified by the text or the history of the Second Amendment." Ezell, supra, at *21 (Rovner, J., concurring), and relies unduly on an analogy between the First and Second Amendments. See United States v. Marzzarella, 614 F.3d 85, 97 n.15 (3d Cir. 2010).

3. Ezell incorrectly claims: "Intermediate scrutiny was appropriate in [United States v. Skoien, 614 F.3d 638 (7th Cir. 2010)] because the claim was not made by a 'law-abiding, responsible citizen' as in Heller; nor did the case involve the central self-defense component of the right, Skoien, 614 F.3d at 645." Ezell, supra, at *17. Skoien never claimed its choice of intermediate scrutiny depended on these two factors. Instead, Skoien acknowledged that for "a categorical limit on the possession of firearms . . . some form of strong showing ('intermediate scrutiny,' many opinions say) is essential." 614 F.3d at 641. See Def. MSJ Reply Br. at 55-58. Defendants make such a showing here. See Def. MSJ [Doc. No. 21-1] at 4-11, 37-41; MSJ Reply Br. at 53-62.

4. Ezell contends only that the "right to possess firearms for protection implies a corresponding right to acquire and maintain proficiency," Ezell, supra, at *14, not that any such alleged right falls within the core right Heller recognized, nor that the Second Amendment protects a right to acquire arms. MSJ Reply Br. at 19-21. Moreover, historical "observations contravene rather than support the majority's ensuing analysis." Ezell, supra, at *22 (concurring opinion).

Dated: July 22, 2011                                    Respectfully submitted,

*OF COUNSEL*:                                           TONY WEST
                                                        Assistant Attorney General
MELISSA ANDERSON
Bureau of Alcohol, Tobacco,                             JAMES T. JACKS
Firearms & Explosives                                   United States Attorney
99 New York Avenue, N.E.

| | |
|---|---|
| Washington, D.C. 20226 | JOHN R. PARKER |
| Tel: (202) 648-7056 | Assistant United States Attorney |
| Melissa.Anderson@usdoj.gov | |
| |    /s/ Daniel Riess |
| | SANDRA M. SCHRAIBMAN |
| | Assistant Director |
| | DANIEL RIESS (Texas Bar No. 24037359) |
| | JESSICA LEINWAND (New York Bar) |
| | Trial Attorneys |
| | U.S. Department of Justice |
| | Civil Division, Rm. 6122 |
| | 20 Massachusetts Avenue, NW |
| | Washington, D.C. 20530 |
| | Telephone: (202) 353-3098 |
| | Fax: (202) 616-8460 |
| | Email: Daniel.Riess@usdoj.gov |
| | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

On July 22, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

   /s/ Daniel Riess
Daniel Riess