IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **REBEKAH JENNINGS, BRENNAN HARMON, ANDREW PAYNE, and NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; KENNETH E. MELSON, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and ERIC H. HOLDER, Jr., in his official capacity as Attorney General of the United States,**<br><br>**Defendants.** | Case No. 5:10-cv-00140-C |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants submit their response to Plaintiffs' Notice of Supplemental Authority.

1. Ezell v. City of Chicago, No. 10-3525, 2011 WL 2623511 (7th Cir. July 6, 2011), states: "Heller and McDonald suggest that broadly prohibitory laws restricting the core Second Amendment right – *like the handgun bans at issue in those cases, which prohibited handgun possession even in the home* – are categorically unconstitutional." Id. at *13 (emphasis added). The law at issue here is neither a ban nor a prohibition on possession. See Def. MSJ Reply Br. [Doc. No. 47] at 21-23.

2. The Ezell majority "adopts a standard of review on the range ban that is more stringent

than is justified by the text or the history of the Second Amendment." Ezell, supra, at *21 (Rovner, J., concurring), and relies unduly on an analogy between the First and Second Amendments. See United States v. Marzzarella, 614 F.3d 85, 97 n.15 (3d Cir. 2010).

3. Ezell incorrectly claims: "Intermediate scrutiny was appropriate in [United States v. Skoien, 614 F.3d 638 (7th Cir. 2010)] because the claim was not made by a 'law-abiding, responsible citizen' as in Heller; nor did the case involve the central self-defense component of the right, Skoien, 614 F.3d at 645." Ezell, supra, at *17. Skoien never claimed its choice of intermediate scrutiny depended on these two factors. Instead, Skoien acknowledged that for "a categorical limit on the possession of firearms . . . some form of strong showing ('intermediate scrutiny,' many opinions say) is essential." 614 F.3d at 641. See Def. MSJ Reply Br. at 55-58. Defendants make such a showing here. See Def. MSJ [Doc. No. 21-1] at 4-11, 37-41; MSJ Reply Br. at 53-62.

4. Ezell contends only that the "right to possess firearms for protection implies a corresponding right to acquire and maintain proficiency," Ezell, supra, at *14, not that any such alleged right falls within the core right Heller recognized, nor that the Second Amendment protects a right to acquire arms. MSJ Reply Br. at 19-21. Moreover, historical "observations contravene rather than support the majority's ensuing analysis." Ezell, supra, at *22 (concurring opinion).

Dated: July 22, 2011                                  Respectfully submitted,

*OF COUNSEL*:                                         TONY WEST
                                                      Assistant Attorney General
MELISSA ANDERSON
Bureau of Alcohol, Tobacco,                           JAMES T. JACKS
Firearms & Explosives                                 United States Attorney
99 New York Avenue, N.E.

| | |
|---|---|
| Washington, D.C. 20226 | JOHN R. PARKER |
| Tel: (202) 648-7056 | Assistant United States Attorney |
| Melissa.Anderson@usdoj.gov | |

      /s/ Daniel Riess
SANDRA M. SCHRAIBMAN
Assistant Director
DANIEL RIESS (Texas Bar No. 24037359)
JESSICA LEINWAND (New York Bar)
Trial Attorneys
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On July 22, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      /s/ Daniel Riess
    Daniel Riess